```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

CAROL WALKER,              )
                           )
        Plaintiff,         )
v.                         )     C.A. No. 04-11462-GAO
                           )
JOHN MCNEAL, et al.,       )
                           )
        Defendants.        )
                           )
```

MEMORANDUM AND ORDER

For the reasons set forth below, plaintiff's complaint will be dismissed for lack of jurisdiction.

BACKGROUND

Pro se plaintiff Carol Walker filed a complaint and an application to proceed without prepayment of fees on June 29, 2004. Plaintiff's application to proceed without prepayment of fees will be addressed in a separate order.

ALLEGED FACTS

Plaintiff alleges that she is a Massachusetts citizen. Complaint ¶ 1. Plaintiff further alleges that the defendants, John McNeal and Lorenzo Pitts, Inc. also have residency in Massachusetts. Complaint ¶¶ 2-3. Plaintiff claims that defendant McNeal entered her apartment with a key, but "out of uniform" on June 11, 2004 while her two teenage children were at home. Complaint ¶¶ 5-10. It appears, but it is not entirely clear, that defendant McNeal may work for plaintiff's

landlord.   Plaintiff seeks $1.5 million in damages, and a cap on the amount of her rent.

## ANALYSIS

Plaintiff's complaint will be dismissed for lack of subject matter jurisdiction.  In order for this Court to review petitioner's claims, it must have either federal question jurisdiction or diversity subject matter jurisdiction.   See 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332 (diversity jurisdiction).   See Fed. R. Civ. P. 12(h)(3) ("whenever it appears...that the court lacks jurisdiction of the subject matter, the court shall dismiss the action").

I.   This Court Does Not Have Federal Question Jurisdiction Over Plaintiff's Claims

Federal question jurisdiction exists only when the action involves claims "arising under the Constitution, laws, or treaties of the United States."   28 U.S.C. § 1331.   In this case, plaintiff has alleged, at best, a state law claim for trespass. Such a claim does not involve a question of federal law, and is therefore insufficient to confer subject matter jurisdiction under 28 U.S.C. § 1331.

II.   This Court Does Not Have Diversity Jurisdiction Over Plaintiff's Claims

Moreover, a district court has diversity jurisdiction only when the matter in controversy both "exceeds the sum or value

of $75,000.00, exclusive of interest and costs," and is between "citizens of different states." 28 U.S.C. § 1332(a)(1).  Based on the allegations in plaintiff's complaint, it is apparent that all parties are Massachusetts residents.  Complaint ¶¶ 1-3.  Accordingly, diversity jurisdiction does not exist in this case.  See e.g., Diaz v. General Sec. Servs. Corp., 93 F. Supp. 2d 129, 133 (1st Cir. 2000) (dismissal appropriate for failure to meet requirements of § 1332).

ORDER

ACCORDINGLY, this case will be dismissed without prejudice for lack of jurisdiction, without further Order from the Court.  Dated at Boston, Massachusetts, this 5th day of August, 2004.

                                       s/ George A. O'Toole, Jr.
                                       UNITED STATES DISTRICT JUDGE